UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>REGIONS BANK aka ENERBANK, USA,<br><br>Defendant. | Case No. 1:24-cv-0816-KES-EPG<br><br>ORDER APPROVING STIPULATION FOR A PROTECTIVE ORDER, IN PART<br><br>(ECF No. 44) |

This matter is before the Court on the parties' stipulation for a protective order. (ECF No. 44). Upon review, the Court will approve the parties' stipulation for a protective order, in part.

The parties define confidential information or items subject to protection to mean "information, material, tangible things, or testimony as defined in Section 1 pursuant to Local Rule 141.1(c)." (*Id.* at 4)

However, this definition is improper to the extent that it allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection without ever disclosing the types of information at issue contrary to Local Rule 141.1(c)(1), which requires as follows: "A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)."

However, the Court notes that the parties' "good cause statement" more specifically identifies confidential information at issue in this case, including

…

(1) the types of information eligible for protection under this Order may include

(a) trade secrets;

(b) proprietary business information;

(c) competitively sensitive information;

(d) technical information;

(e) customer information;

(f) vendor information;

(g) financial information;

(h) sales data;

(i) business plans and strategies;

(j) agreements and communications; and

(k) other information the disclosure of which the Producing Party or the Designating Party reasonably and in good faith considers to be confidential or proprietary information or trade secrets of the Producing Party or the disclosure of which would otherwise be detrimental to the conduct of the Producing Party's business or the business of any of the Producing Party's customers or clients;

(2) there is a particularized need for protection of each category because

(i) the trade secrets in category (a) derive value from not being generally known, and that value would be lost through public disclosure;

(ii) the proprietary business information, competitively sensitive information, and technical information in categories (b), (c), and (d) are not publicly available, have been kept confidential by the Producing Party, and could be used by competitors to the Producing Party's competitive, commercial, or financial injury if publicly disclosed;

(iii) the customer information in category (e) concerns individuals who are not parties to this action, who have no opportunity to protect their own interests in this action, and whose privacy is protected by federal and state law, including the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq., and the California Constitution;

(iv) the vendor information and the agreements and communications in categories (f) and (j) concern relationships with third parties that may be subject to confidentiality obligations, and their disclosure could harm those third parties and the Producing Party's business relationships;

(v) the financial information, sales data, and business plans and strategies in categories (g), (h), and (i) are non-public and could give competitors an unfair advantage if publicly disclosed; and

(vi) the information in category (k) is limited to non-public information whose disclosure the Producing Party or Designating Party reasonably and in good faith considers would cause the same kinds of injury described for categories (a) through (j); and

…

(*Id.* at 2-3). The Court approves the stipulation to the extent that confidential information is limited to this and similar descriptions in the "good cause statement."

Additionally, the Court notes that "a protective order may not bind the Court or its

personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as following other procedures than those provided under the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (ECF No. 14, pp. 6–7; *see* ECF No. 13, pp. 4–5; Standard Procedures, available on the Court's website at https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50351/).

Accordingly, IT IS ORDERED that the parties' stipulation for a protective order (ECF No. 44) is approved, in part, as specified above.

IT IS SO ORDERED.

Dated: **November 9, 2026**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE